PRICE, Judge.
Plaintiff, J. C. Boyer, has appealed the judgment rejecting his demands for damages for the loss of his fifteen-year-old son who was accidentally killed while employed by Johnson Toy and Novelty, Inc.
Plaintiff named as defendants, Joe E. Johnson, the principal stockholder and president of the employer corporation; and the Morehouse Parish School Board. Plaintiff’s action against the school board was dismissed by the sustaining of a peremptory exception from which no appeal was taken.
The facts giving rise to this litigation reveal that plaintiff and his wife were divorced approximately seven years prior to the accident. Their son, Johnny C. Boyer, Jr., remained in the custody of his mother and her second husband in Bastrop until a short time prior to the accident. In late November 1968, while living with an older married sister in West Monroe, Johnny obtained employment with a small corporation owned and managed by defendant, Johnson. His mother and stepfather had given their oral consent for Johnny to begin his employment. The boy, who was within a few days of his sixteenth birthday, had quit school and had obtained a work permit from the Morehouse Parish School Board. He was employed to drive a Volkswagen van in the delivery of merchandise sold by *963 the corporation to businesses in the vicinity of Monroe.
Johnny began work on Wednesday in the last week of November 1968. He worked through Saturday of that week and was killed on the following Monday, December 2nd, while driving on Louisiana Highway 4 in Jackson Parish. He was transporting fireworks for his employer to sell to customers in the oncoming Christmas season.
The allegations of plaintiff’s pleadings and arguments in brief to this court are directed to establishing liability on behalf of the employer corporation and Johnson individually for employing plaintiffs son in violation of various sections of the child labor law, L.R.S. 23:151, et seq. However, we note that the corporation was not specified as a defendant and no prayer for judgment against it was made in the pleadings. No service of process was made on the corporation nor any responsive pleadings filed on its behalf.
The sole defendant against whom judgment could be rendered is Joe E. Johnson, individually, and the reference to plural defendants in argument in brief to this court is error.
There are a number of allegations of negligence alleged in plaintiffs original and amended petition which have been abandoned because it became apparent on trial of the cause that they were based on erroneous information, and we do not find it necessary to discuss these issues.
On this appeal, plaintiff contends defendant Johnson was guilty of actionable negligence which was a cause of his son’s death in the following respects:
1. In employing a minor under eighteen years as driver of a motor vehicle used for commercial purposes in violation of L.R.S. 23:161(10), as in effect at the time of the accident in December 1968. (This provision was deleted by amendment in 1976.)
2. In employing a minor under sixteen to work in connection with power driven machinery in violation of L.R.S. 23:163.
3. In employing a minor under eighteen to engage in the transportation of explosives in violation of L.R.S. 23:161(4).
4. In employing a minor between the ages of fourteen and sixteen during school hours in violation of L.R.S. 13:166 [23:166], and without compliance with other provisions of the child labor statute relating to approved work in a vocational program with a proper work certificate.
The plaintiff concedes, however, that mere violation of the child labor laws does not constitute negligence per se without some causal connection between the violation of those statutes and the damage sustained. Cutrer v. Southdown Sugars, 42 So.2d 314 (La.App. 1st Cir. 1949); Flores v. Steeg Printing and Publishing Co., 142 La. 1068, 78 So. 119 (1918); Jones v. Insurance Company of North America, 303 So.2d 902 (La.App. 1st Cir. 1974). Therefore, the violation of one or more of those provisions must causally relate directly to the accident. Under the facts of this case, the alleged violations of the statute pertaining to working during school hours and related violations have no causal connection with the accident. If the deceased would have been driving the van during school hours, with a work certificate, and with permission from the vocational training program, the accident would still have occurred. Any connection these violations have with the accident are too remote from the proper sphere of causation. The transportation of fireworks has no bearing on the accident. There is no evidence that the fireworks exploded either during the time the van was on the highway or when it struck the tree. Transportation of the fireworks, therefore, has no direct or indirect relation to the cause of the accident.
Plaintiff’s principal and strongest argument is that the violations of L.R.S. 23:161(10), which prohibits employing a minor under eighteen to drive a commercial motor vehicle, and L.R.S. 23:163, which prohibits a minor under the age of sixteen from being employed in, about, or in con *964 nection with power driven machinery, are direct causes of the injury. Plaintiff contends that since the statute forbids operation of power driven machinery or the driving of a commercial vehicle, and since the deceased was killed driving a van, the violation of the statute is the cause of the accident. The evidence in this case, however, supports the conclusion that the cause of the accident can be best attributed to the negligence of the deceased and that the defendant was void of any actionable substandard conduct. The record reveals that deceased had a valid driver’s license. Furthermore, the defendant, Johnson, rode with the deceased his first two days in the van before he let the boy drive the van by himself. Johnson testified that Johnny was a good driver and did not have any difficulty in operating the van. The record also shows that Johnny drove the truck the next two days unaccompanied by defendant without mishap. The accident occurred on the fifth day of employment. Although plaintiff contends that the van may have been defective, there is no evidence to support that inference. Johnson testified that the van was only three to four weeks old, had approximately five hundred miles on it, and had never had any mechanical or steering trouble. Although there were no witnesses to the accident, the investigating state trooper filed an accident report which was submitted into evidence by agreement in lieu of the officer’s testimony. The report shows the officer concluded the accident occurred because the operator lost control of his vehicle. There is no evidence to the contrary.
Plaintiff’s entire argument, fairly construed, suggests that if the deceased had not been driving the van, he would not have been killed, and thus defendant’s hiring him to drive the van caused his death. The argument is too tenuous. Causation must be more direct and not so remote.
The mere fact that a minor is injured in the course of employment of his master does not per se render the employer liable where the injury results from obvious defects or dangers unless the minor was incapable, because of tender age or otherwise, of fully appreciating and understanding the danger inherent in the employment. * * *
Jones v. Insurance Company of North America, 303 So.2d 902 (La.App. 1st Cir. 1974). In the Jones case, the court rejected plaintiff’s demands under somewhat analogous but much stronger facts than those before us. In Jones a fourteen-year-old boy was injured when driving a tractor in violation of L.R.S. 23:163, the same statute relied on by plaintiff in the present case. In Jones plaintiff urged that the violation of this child labor statute constituted a causal connection to the accident of the minor. The court reasoned that since the minor had driven the tractor before and was well acquainted with it, that there was no negligence on the employer’s part, even though the fourteen year old did not have a driver’s license.
In the instant case, the trial court was correct in finding that any violations of the child labor law which may have occurred do not establish actionable negligence on the part of defendant, Johnson.
For the reasons assigned, the judgment is affirmed at appellant’s costs.