PRICE, Judge.
This is an action for damages for the wrongful death of plaintiff’s fifteen-year-old son. This court previously affirmed the trial court judgment rejecting plaintiff’s demands. Boyer v. Johnson, 350 So.2d 961 (La.App.2d Cir. 1977). The Louisiana Supreme Court granted certiorari, 353 So.2d 1038 (La.1978), and after reversing the judgment of this court and the trial court, remanded the case with instructions for us to assess damages and render judgment against defendant. 360 So.2d 1164 (La.1978).
Plaintiff’s son was killed on December 2, 1968, and would have been sixteen years old on December 26. Plaintiff testified he was divorced from the boy’s mother when the child was approximately eight years old. Both plaintiff and the child’s mother had remarried and the child remained in the custody of the mother in Bastrop until approximately two months prior to his death. At that time the boy stayed with an older married sister in Monroe.
The evidence shows the plaintiff who lived in Monroe never visited his son and made no contributions to his support. The boy did occasionally see plaintiff when he was visiting relatives in Monroe. There is no evidence to corroborate plaintiff’s testimony that he had a close relationship with his son.
Considering that the accident happened in 1968, which should be the time frame for fixing the amount due plaintiff, and the lack of proof of a close relationship between plaintiff and his son, we find an award of $5,000 is adequate to compensate plaintiff for the damages suffered by him from his son’s wrongful death. Plaintiff is entitled to legal interest at the rate of 5% per annum, which is the rate in effect at the time of judicial demand. Winzer v. Lewis, 251 So.2d 650 (La.App.2d Cir. 1971).
It is therefore ordered that there be judgment in favor of plaintiff, J. C. Boyer, and against defendant, Joe E. Johnson, in the sum of $5,000, together with legal interest at the rate of 5% per annum thereon from date of judicial demand until paid. Costs of these proceedings including this appeal are assessed to defendant.