424 So.2d 1274 (1982)
Doris VIDRINE, Individually, and as Natural Tutrix of her Minor Son, Clifford FULTON, Plaintiff-Appellee,
v.
STEWART AND LANDRY, INC., et al., Defendants-Third Party Plaintiffs-Appellees,
v.
Carl E. ROBINSON, Sr., et al., Third Party Defendants-Appellants.
No. 82-292.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*1275 Pugh & Boudreaux, Charles Boudreaux, Lafayette, for defendants-relators.
Young & Burson, Joseph Ortego, Eunice, Guglielmo & Lopez, James C. Lopez, Opelousas, for plaintiff-respondent.
Woodley, Barnett, Cox, Williams & Fenet, Terry Thibodeaux, Brame, Bergsgedt & Brame, Joe A. Brame, Lake Charles, for appellee.
Mouton, Roy, Carmouche, Bivins, Judice & Henke, John Bivins, Lafayette, for defendants-respondents.
Before DOMENGEAUX, FORET and LABORDE, JJ.
DOMENGEAUX, Judge.
This action was filed on behalf of a minor, Clifford Fulton, by his natural tutrix, Doris Vidrine, for injuries Clifford sustained when his right foot slipped into a moving grain auger at the facilities of Basile Rice Drier, Inc. The plaintiff, on behalf of her minor son, originally filed suit against defendants, Stewart and Landry, Inc., Long Manufacturing of North Carolina, Inc., and Suck-Up Stayaway. The petition was later supplemented and amended to add James Stewart, Sidney Landry, Fort Worth Steel and Machinery, and Fred Kiesel, d/b/a Kiesel Electric Company. Rockwood Insurance Company, the workmen's compensation insurer for Basile Rice Drier, Inc., Clifford's employer, filed an intervention for workmen's compensation benefits. Third party demands were filed on behalf of Fort Worth Steel and Machinery and the other defendants against Basile Rice Drier, Inc. and Carl Robinson, Sr., the President of Basile Rice Drier, Inc., as well as their liability insurer, St. Paul Fire & Marine Insurance Company.
In their petition the third party plaintiffs allege that the third party Robinson had actual knowledge of the condition causing the accident.[1] They further allege that the employment of the minor was in violation of the laws of the State of Louisiana as well as various federal laws, and should result in liability on the part of these third party defendants. In addition, it was alleged that third party defendants, because of their deliberate, unlawful, and intentional acts, should be subject to liability inasmuch as said acts give rise to an action in tort not excluded by our workmen's compensation statute, La.R.S. 23:1021, et seq.
The third party defendants filed a motion for summary judgment and exceptions of no cause of action, alleging that Clifford Fulton was an employee of Basile Rice Drier, Inc., and therefore, the sole remedy was in workmen's compensation. The third party defendants also claimed that Mr. Robinson was an officer, director, or shareholder of Basile Rice Driver, Inc., and, as such, he was immune from liability under the Executive Officer Act.[2]
This matter was heard before the trial court where the motion for summary judgment and exception were overruled. The third party defendants then filed an application for supervisory writs with this Court. On June 23, 1982, we granted the writ and made it peremptory granting the motion for summary judgment and sustaining the exception of no cause of action, and thereupon dismissed the third party action. Thereafter, our Supreme Court granted writs[3] and remanded the action to us with instructions to allow the issues herein to be briefed, argued, and decided with opinion.
The issues presented on appeal are:
(1) Do third party plaintiffs, by the mere fact that they allege a violation of the child *1276 labor laws, establish a claim in tort not excluded by La.R.S. 23:1101; and
(2) Do the factual allegations raised in the third party petition as amended allege facts sufficient to establish a cause of action arising from an intentional tort.
The third party plaintiffs contend that third party defendants' actions in violating various provisions of the child labor laws of this state expose said defendants to tortious liability not protected by the exclusive remedies afforded under workmen's compensation.[4] In support of their proposition they cite Boyer v. Johnson, 360 So.2d 1164 (La. 1978).
In Boyer, supra, our Supreme Court specifically addressed the issue of whether or not the violation of child labor laws supports a cause of action in tort against an officer or employee of the employer. The Court in Boyer held that although the employer corporation was immune to tort suits against it by its employees, an employer's individual officers, agents, and other employees could be sued individually, as such, for their own fault where the tortious conduct occurred prior to the 1976 amendment to the workmen's compensation statute.[5] In the present case, however, the work related injury occurred subsequent to the aforesaid amendment which precludes suits against officers, directors, stockholders, partners, employees, or principals for their tortious conduct (other than intentional acts) resulting in work related accidents. We do not view Boyer as giving rise to a separate cause of action in tort, as well as workmen's compensation, whenever it can be shown that the violation of child labor laws occurred and said violation is proximately linked to the on-the-job injury. For that reason, we find that Boyer is limited to its facts and has no application herein.[6]
Secondly, the third party defendants aver that the third party plaintiffs have not alleged sufficient facts to establish a cause of action in intentional tort, and therefore, the trial court erred in overruling their exception of no cause of action. We agree.
La.R.S. 23:1032 grants to an injured employee an exclusive remedy in workmen's compensation benefits against his employer, or any principal or officer, director, stockholder, partner, or employee of such employer or principal. The exception to this tort immunity is injury resulting from an intentional act.
The Louisiana Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981) gave the following test for intentional tort in the context of the above mentioned statute:
"... we construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case ....
Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result."
The issue of the intentional tort exclusion was recently dealt with by this Court in Shores v. Fidelity & Casualty Company of New York, et al., 413 So.2d 315 (La.App. *1277 3rd Cir.1982), and Freeman v. Insurance Company of North America, et al., 413 So.2d 692 (La.App. 3rd Cir.1982). Both cases reiterate the position that courts may disregard allegations which are not facts but are mere conclusions of the pleader.
The third party plaintiffs allege that Carl E. Robinson, Sr. committed an intentional tort that caused Clifford Fulton's injury, and therefore Mr. Robinson is exempted from the workmen's compensation exclusive remedy provision. The allegations were worded specifically to meet the Bazley test for allegations of intentional tort. However, these allegations are mere conclusions of the pleader and are not facts. In Shores, supra, we address this exact issue as follows:
"... Accepting as true all of the allegations of fact as to the acts and omissions of the defendants, they do not constitute facts which show that defendants had knowledge that this plaintiff or any other employee assigned this job was substantially certain to be seriously injured in an accident as a result of the alleged acts and omissions. There are no specific facts pleaded to show how or why the defendants knew plaintiff's injury was a substantial certainty, nor are any facts pleaded as to the knowledge of any defendant of unsafe conditions under which the plaintiff was working."
Since the third party plaintiffs' petition does not contain allegations of the actual facts upon which the assertion is based, the petition does not set forth a cause of action for intentional tort against the third party defendants. In light of the recent decisions, the trial court's denial of appellant's exception of no cause of action was in error. Also, appellant's motion for summary judgment should have been granted by the trial court, dismissing the third party demand against Basile Rice Drier, Inc., Carl Robinson, Sr., and his insurer, St. Paul Fire & Marine Insurance Company.
For the above and foregoing reasons the judgment of the trial court is reversed and it is hereby Ordered, Adjudged, and Decreed that there be judgment herein in favor of third party defendants and against third party plaintiffs sustaining said defendants' exception of no cause of action and granting their motion for summary judgment.
All costs at trial and on appeal are assessed against the third party plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] Actually, the allegations of third party plaintiffs concerning third party defendants are based upon the acts or omissions of third party defendant, Carl Robinson, Sr.
[2] Acts of the State of Louisiana 1976 Act # 147.
[3] 420 So.2d 449 (La.1982).
[4] It is alleged that the third party defendants violated La.R.S. 23:161 et seq., in employing a minor to do work restricted under state statute.
[5] Prior to Act 147 of 1976, an officer or agent of an employer could be held liable in tort for his own personal fault, notwithstanding the employer's immunity. See La.R.S. 23:1101 (prior to the 1976 amendment).
[6] The court in Boyer also noted that in that case neither pleadings nor briefs raised the issue of workmen's compensation as the exclusive remedy of recovery for work related injuries.