DENNIS, Justice,
dissenting.
I respectfully dissent.
The majority treats the unlawful employment of a minor as a legal contract of employment for purposes of the worker’s compensation law. In so doing, it has drained the Child Labor Law, La.R.S. 23:151-274, of much of its vitality. The Child Labor Law is a basis for imposition of civil liability in tort under Louisiana law. Boyer v. Johnson, 360 So.2d 1164 (La.1978). However, under the Court’s decision herein, the employer is insulated from exposure to potentially high tort damage awards, despite his violation of the Child Labor Law which led to injury to a minor, and despite the absence of any legal employer-employee relationship qualifying the dependent for protection under the Workers’ Compensation Law. The majority argues that this result was intended by the Legislature, but I do not agree that such intent can be gleaned from legislative silence. The prerequisite for applicability of the Workers’ Compensation Law and its bar to tort liability is that the injury be caused by accident arising out of and in the course of the plaintiff’s “employment.” La.R.S. 23:1031. The policy of this State is that minors “shall not be employed, permitted, or suffered to work ... (10) [a]s a driver of any motor vehicle used for commercial or industrial purposes ... [or] (12) ... in occupations involving exposure to ... dangerous or poisonous dyes and chemicals.” La.R.S. 23:161. Employment of minors to perform these tasks is illegal employment, and thus should be considered as no employment at all for purposes of liability in torts for injuries arising out of such illegal employment.