LOBRANO, Judge.
This matter is before us on remand from the Supreme Court for “review of the issues pertaining to damages”. See, Picou v. Ferrara, 483 So.2d 915 (1986). In the original appeal, plaintiff answered seeking an increase of the jury award.
Eighteen year old Gary Picou (plaintiff), on his way to school at the University of New Orleans, was involved in an accident wherein the motorcycle he was operating was struck by defendant’s automobile. As a result of that collision, plaintiffs left foot was severed just above the ankle. Thereafter, it was necessary to amputate plaintiffs leg approximately 9 inches below the knee joint.
We have determined from the record that the special damages consists of $89,159.00, the discounted cost of replacing his artifical leg throughout plaintiffs life, and $56,000.00 for anticipated loss of earnings. Those amounts are substantiated by the testimony of the medical and economic experts. Plaintiffs work life expectancy at time of trial was 36 years. The economist testified that the present value of $1,000.00 loss in annual salary for the rest of plaintiffs work life is $27,000.00, hence a $2,000.00 reduction (present value $54,-000.00) is not unreasonable.
The evidence further shows that pri- or to the accident plaintiff was a very healthy, athletic, outgoing individual. The accident itself was a severe trauma in which plaintiffs foot was completely severed. He stayed in the hospital about a month during which time his left leg was amputated 9 inches below the knee. In addition his leg was placed in a cast and he was required to remain in traction. He lost about 50 pounds during his confinement.
Subsequent to his discharge, plaintiff underwent the painful ordeal, both physical and emotional, of adapting to the use of an artificial limb. His mood was described as depressed, and the initial attempts to walk with the artificial leg were very painful. In November of 1981, 4 years after the accident, plaintiff visited Dr. McLochlan with a burning pain in his right knee. This was the result of extra stress being placed on that leg. Surgery was required to remove damaged cartilage. The medical evidence shows a 70% permanent physical impairment to plaintiffs left leg, and a 28% whole body permanent physical impairment and loss of physical function.
We have concluded that the award is so low as to constitute an abuse of the jury’s discretion. Based on the guidelines recited in Reck v. Stevens, 373 So.2d 498 (La.1979) we raise the award to the lowest point which is reasonably within the discretion afforded the jury by adding $100,000.00 to the award, making the total award $383,-500.00.
AMENDED, AND AS AMENDED, AFFIRMED.