WILLIAM A. CULPEPPER, Judge Pro Tem.
Plaintiff, Lawrence Kounter, instituted this suit for damages resulting when his car rear-ended a stalled vehicle owned by defendant, Helen K. Carleton. Also made defendants were Shelter Insurance Company, Carleton’s liability insurance carrier, and Travelers Insurance Company, Koun-ter’s uninsured motorist carrier. Prior to trial, the plaintiff dismissed his claims against Travelers Insurance Company. A trial on the merits was held before a jury which found the defendant, Carleton, free of negligence. Judgment was rendered dismissing the plaintiff’s claim against the defendants. Plaintiff appealed.
FACTS
This accident occurred at approximately 6:00 P.M. on December 5, 1983, on the ascending westbound traffic lanes of the Interstate 210 bridge in Calcasieu Parish, Louisiana. Carleton was proceeding up the bridge towards Sulphur, Louisiana, when her car stalled in the right outside lane of traffic. She testified that she pulled her vehicle as far to the right as she could, attempted to restart the vehicle without success, then activated the emergency flashers. After flagging traffic for approximately five minutes, she proceeded down the bridge to call the police. She went to a local boat club where a man called the police and her sister. Before the police arrived, the accident occurred.
While Carleton’s car was stalled upon the bridge traffic continued to successfully maneuver around it. Plaintiff testified that he was operating his 1978 Mercury Cougar at approximately 45 miles per hour as he ascended the 1-210 bridge where Carleton’s stalled vehicle was located. He stated that he encountered a large slow-moving tractor-trailer, causing him to switch to the inside lane to pass. After passing he began to re-enter the right lane and was 30 to 40 feet ahead of the truck when he noticed Carleton’s car. He stated that he saw the vehicle approximately four seconds before he hit it, but that he did not have time to react to avoid the accident.
At trial on the merits, defendants offered testimony that plaintiff was taking pain *1372 killers and anti-inflammatory medication for arthritis on a daily basis at the time of the accident. The pharmacist at the drug store where plaintiff’s prescriptions were filled testified that plaintiff refilled prescriptions for four different drugs in November 1983 that were to be taken on a daily basis through at least December 1983. He further testified that the Physician’s Desk Book cautioned that each of the four drugs could impair physical abilities and that tasks such as driving a car should be avoided while taking these medications.
The plaintiff filed suit on December 5, 1984, basically alleging that the accident was caused by Carleton having negligently parked the vehicle upon the bridge unattended without taking the necessary precautions of warning approaching traffic that the vehicle was stalled on the bridge. The jury attributed no negligence to Carle-ton, thus not reaching the question of plaintiff's negligence.
ASSIGNMENT OF ERROR
The plaintiff argues that the trial court committed manifest error when it improperly instructed the jury on the application of the law regarding the violation of a statute. Essentially, he argues that the trial judge erred in charging the jury that a violation of a statute could be excused by “exceptional circumstances” without an analysis of the duty imposed.
The plaintiff contends that Carleton failed to perform her statutorily imposed duty under LSA-R.S. 32:141 of protecting traffic when an automobile is disabled on the traveled portion of the highway. LSA-R.S. 32:141 provides:
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.”
The jury concluded that Carleton was not negligent. Plaintiff argues that they reached this conclusion because of an erroneous jury instruction. The court charged the jury as follows:
“THE ORDINARILY PRUDENT PERSON WILL NORMALLY OBEY THE STATUTES WHICH APPLY TO HIS CONDUCT, BUT IN EXCEPTIONAL CIRCUMSTANCES, EVEN A VIOLATION OF THE STATUTE MAY BE REASONABLE. THEREFORE, IF YOU CONCLUDE THAT THE DEFENDANT VIOLATED SECTION 141, YOU MUST CONSIDER, IN THE LIGHT OF ALL THE CIRCUMSTANCES, WHETHER AN ORDINARILY PRUDENT PERSON IN DEFENDANT’S POSITION WOULD BE REASONABLE IN VIOLATING THE STATUTE. IF SO, THEN THE VIOLATION, IF ONE HAS OCCURRED, IS NOT SUB-STANDARD CONDUCT. BUT IF NOT, A VIOLATION WOULD BE UNREASONABLE, AND THEREFORE BELOW THE STANDARD OF CARE TO WHICH WE HOLD THE DEFENDANT IN THIS CASE.”
*1373 Except for minor changes in wording to fit the present case, this charge is taken verbatim from Vol. II, Louisiana Jury Instructions, Civil, page 57 (1980) by Professor H.A. Johnson. In his explanation of the charge, pages 61-62, Johnson states he attempts to convey the current position of the Supreme Court of Louisiana that violation of a penal statute, such as one for highway regulations, is not “negligence per se.” Weber v. Phoenix Assurance Company of New York, 273 So.2d 30 (La.1973); Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972); and Pierre v. Allstate Insurance Company, 242 So.2d 821 (La.1970). Although the court in these cases uses the term “negligence per se,” Johnson suggests it really means “liability per se,” since the cases clearly hold that violation of a penal statute is not automatic grounds for civil liability, but statutes are “guidelines” for the courts to determine civil liability.
Plaintiff argues on appeal the charge is erroneous in stating that in “exceptional circumstances,” even a violation of the statute may be excusable. He contends the correct approach is the “duty-risk” analysis, under which violation of the statute is “negligence per se” and if the violation causes the injury, then the tortfeasor is liable if the injury falls within the scope of the hazards sought to be protected against by the statute. Plaintiff argues that, if the scope test is met, there can be no “excuse” for the violation and liability is automatic.
The principal case relied on by plaintiff is Boyer v. Johnson, 360 So.2d 1164 (La.1978), where a fifteen-year-old boy was hired by defendant to drive a truck, in violation of a statute prohibiting employment of minors under eighteen to drive a motor vehicle for commercial purposes. The boy was killed while driving the truck to deliver fireworks. In discussing “negligence per se,” the court recognized the jurisprudential rule that violation of a criminal statute does not automatically create liability in a civil suit, but held, with three justices dissenting, that since our child labor law seeks precisely to protect children from their own inexperience and lack of judgment, the employer was liable and could not assert the boy’s contributory negligence as a defense.
It can be argued that Boyer does not hold, as plaintiff contends, that in every case where the violation of a penal statute causes injury, there must be liability if the injury is within the scope of the harm sought to be protected against. Perhaps Boyer could be distinguished from the present case on the basis that Boyer is restricted to a special category of statutes, such as child labor laws, where the legislature clearly intends that the duty created is absolute and no excuse for violation will be permitted. Prosser and Keeton on Torts, Fifth Edition, pages 227-229, suggests such a solution to the problem. However, our Louisiana Supreme Court has not adopted this rule.
We conclude the charge at issue is at least questionable under our present jurisprudence. Of course, the jury could have found that defendant did not violate the statute because it was impossible for her to avoid stopping on the highway and she did everything she could to protect traffic. Or, the jury could have found any negligence of defendant was not a cause of the accident. If this was the jury’s reasoning, the charge had no effect on the verdict. But, we do not know this. If the jury found a violation of the statute but excused it under the charge, then the charge contributed to the verdict. In this situation where the jury charge is erroneous, or at least questionable, and contributed to the verdict, the reviewing court must make an independent determination of the facts from the record without according any weight to the verdict. Picou v. Ferrara, 483 So.2d 915 (La.1986), affirmed as amended, 488 So.2d 1250 (La.App. 4 Cir.1986); Webb v. Insurance Company of North America, 396 So.2d 508 (La.App. 3 Cir.1981).
From an independent review of the record, we conclude defendant Carleton did *1374 not violate the statute. Subparagraph B of LSA-R.S. 32:141 provides that the statute does not apply if it is impossible to avoid stopping and temporarily leaving the vehicle on the highway and if the driver removes the vehicle as soon as possible and until it is moved protects traffic. In the present case, defendant could not avoid stopping on the bridge. She stopped as far to the right as possible in the right lane and activated her emergency flasher lights. After trying to flag someone to stop and help her, she went down the bridge and had someone call the police. Before the police arrived, the accident occurred.
The facts in this case are almost identical to those presented in Toten v. General Motors Corp., 479 So.2d 957 (La.App. 3 Cir.1985). In Toten, the plaintiff rear-ended a car stalled on the ascending southbound traffic lanes of the Interstate 210 bridge. He testified that he was unable to change lanes before he hit the car because of oncoming traffic to his rear in the innermost lane. Evidence was presented that the plaintiff was intoxicated at the time of the accident.
The plaintiff argued in Toten that defendants were negligent because they failed to perform their statutorily imposed duty under LSA-R.S. 32:141. In upholding the trial judge’s ruling that the plaintiff was 100?⅞ at fault in the accident, this court reasoned:
“The district judge found as a matter of fact that it was impossible for Renee Williams to avoid leaving the car parked on the bridge, that she turned on the emergency blinker lights as soon as she detected the car was stalled, and immediately upon leaving the auto upon the bridge she went to a telephone to contact a wrecker service to have the vehicle removed from the bridge and the State Police to inform them of the stalled vehicle. From these factual findings the district judge concluded that Renee had met her responsibilities of protecting oncoming traffic and removing the vehicle from the main travelled part of the highway as soon as possible.
We agree with the district judge. There was little more that Renee Williams could have done to protect traffic or to remove the vehicle. If Renee had stayed upon the bridge and attempted to divert traffic around the stalled vehicle she would have placed herself in physical peril.”"
In light of the reasoning of the Toten case, and the facts presented in the record, we find defendant Carleton was not negligent.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.