PONDER, Judge.
Defendant appealed from a judgment awarding plaintiff damages received in a rear-end collision.
The issues are: negligence of defendant and the contributory negligence of plaintiff.
We reverse and render.
Defendant was operating a tractor-trailer rig loaded with 13" diameter heavy duty pipe which extended 9'9" beyond the rear of the vehicle in heavy late afternoon traffic on U. S. Highway 61, a four-lane blacktop highway. The weather was clear and dry. No warning flag was attached to the pipe. Maneuvering to execute a right hand turn into an unmarked gravel driveway, defendant put on his right blinker, slowed down and stopped in the right lane.
Plaintiff, traveling in the same lane in a van at the speed limit of 55 miles per hour approached the rig from the rear. From a distance of at least 100 yards behind the truck, plaintiff saw the right turn signal blinking. Because he saw no brake lights, plaintiff assumed the rig was only slowing down. He saw no warning flag and was unable to tell from that distance how far the pipe protruded beyond the rear of the rig, but knew the truck was carrying pipe. *177 Maintaining the same speed, plaintiff put on his left blinker in anticipation of moving to the left lane. Another vehicle, a Trans-Am, passed plaintiff on the left and then moved into the right lane between him and the tractor-trailer rig. The vehicles continued in this formation approximately 15 to 30 seconds. Although plaintiff’s view was partially obstructed, he could still see the upper part of the rig. Suddenly the Trans-Am swerved into the left hand lane. Plaintiff, then approximately fifty feet from the rig, realized that it was stopped. He applied his brakes and attempted to swerve into the left lane, but was unable to do so. The right front roof corner of the van struck the pipe and was ripped off. The van was totally demolished, but, miraculously, plaintiff and his passenger suffered only comparatively minor injuries.
Plaintiff contends defendant was negligent in stopping on a heavily trafficked highway without displaying any brake lights or emergency flashers. He points out defendant could have pulled off onto a twelve-foot gravel shoulder. Defendant testified a right-hand turn necessitated his using a portion of the left lane. He had momentarily stopped to allow the traffic to clear before effecting his turn. We agree with plaintiff that defendant’s actions were a contributing factor in the accident and a breach of his duty to plaintiff. A tractor-trailer rig at a full stop, even momentarily, on a heavily travelled highway poses an extremely hazardous situation. Defendant, at a minimum, should have utilized his emergency flashers to warn approaching motorists.
Our conclusion obviates the necessity of considering the violation of the statute governing the display of flags on an overhanging load.
We find, however, that plaintiff’s recovery is barred by his own contributory negligence. LSA-R.S. Art. 32:81 furnishes the standard of care required of motorists following other vehicles.[1] A following motorist who strikes a preceding motorist from the rear is presumed to have breached the standard of conduct prescribed in LSA-R.S. Art 32:81 and hence is presumed negligent. The burden then rests upon him to exonerate himself. Eubanks v. Brasseal, 310 So.2d 550 (La.1975). This we feel plaintiff has failed to do. The record shows that on a clear, dry day, plaintiff observed at least 100 yards ahead of him in the same lane, a fully loaded tractor-trailer rig at the least slowing down for a turn. He maintained his speed of 55 mph and his relative position in the right lane. Even when the Trans-Am darted in between plaintiff and the rig, he maintained his same speed and position. While there is conflicting testimony as to the traffic surrounding plaintiff, even conceding a vehicle may have blocked his rapid switch to the left lane, nothing prevented plaintiff’s slow braking in his own lane at the point at which he first observed the rig. Although plaintiff might not realize the truck was stopped, he did know that a tractor-trailer rig fully loaded with pipes was at least slowing in front of him on a busy highway. His failure to take precautionary measures, at a minimum slowly braking in his own lane, constitutes contributory negligence. He has not exonerated himself.
Because we find plaintiff contributorily negligent, we need not address the remainder of defendant’s claims.
For the above reasons, the judgment of the trial court is reversed. There is now judgment in defendant’s favor dismissing plaintiff’s claim at his costs.
REVERSED AND RENDERED.

. LSA-R.S. Art. 32:81:
“A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. * *”