WATSON, Justice.
This lawsuit arises from a vehicle accident; the issue is whether plaintiff’s recovery is barred by contributory negligence.
The accident occurred in heavy afternoon traffic on a four-lane highway. Plaintiff, Thomas R. McCrory, was driving a Dodge van in the right lane at the legal speed limit of 55. A Trans-Am pulled into the right lane ahead of him and then swerved into the left lane. McCrory was confronted by a stationary truck with heavy pipe extending nine feet, nine inches, from the bed. McCrory had seen the truck prior to the intervention of the Trans-Am but had not realized it was stopped. McCrory applied his brakes and attempted to turn into the left lane but the projecting pipe caught the roof brace at the right front corner of the van. The roof was ripped off. There was a car in the left lane, but it pulled toward the median and avoided a collision with the van. Defendants are the driver of the truck, Earl C. Rochester, and his employer, Truck Service, Inc.
Rochester was waiting to make a right turn into a private driveway. This would have swung the overhanging pipe into the left lane, and it was necessary for traffic to clear. There was room for the truck on the gravel shoulder, but he could not negotiate the turn from there. Although Rochester said he had placed red flags on the pipe, they were missing when the accident occurred. The truck displayed a right turn signal. It was partially obscured by the pipe hanging down from the bed of the truck, but McCrory admitted seeing it. The signal indicated to him that the truck was moving slowly, but not stopped. Rochester did not turn on his hazard lights until after the accident.
The driver of the Trans-Am, Darryl Ven-tress, was 50 to 55 feet from the truck *1116 before he realized it was stopped. He “ . . . narrowly avoided the accident . ... ” himself. (Tr. 55) Ven tress could not tell the pipe protruded until he was quite near the truck.
The trial court concluded that Rochester’s negligence was tantamount to gross negligence and that McCrory was free of contributory negligence. The trial court found that the truck had nothing to indicate the pipe extended beyond the bed. LSA-R.S. 32:313 requires that red flags be displayed during daylight hours when a load projects four feet or more.[1] The trial court decided that McCrory was confronted with a sudden emergency when the Trans-Am changed lanes, and his reaction was reasonable. McCrory received a judgment for $7,228.74.
The Court of Appeal reversed, 393 So.2d 176 (La.App. 1 Cir. 1980). The Court of Appeal did not consider whether defendant breached LSA-R.S. 32:313 because it held Rochester negligent in stopping without utilizing his emergency flashers. However, plaintiff was found contributorily negligent in failing to reduce his speed when he first saw the truck. A writ was granted to review the judgment of the Court of Appeal. 395 So.2d 1354 (La., 1981).
The cause of the collision was the pipe which extended from the rear of the truck. Since McCrory avoided the truck body itself, the accident would not have happened but for the dangerous extension of the pipe into the roadway. McCrory’s view was obscured by the Trans-Am. That vehicle’s belated lane change was caused by the fact that the truck was stopped without warning signals or any indication that the oversized pipe extended beyond the truck bed. After the Trans-Am moved, it was too late for McCrory in his less maneuverable van. The unbroken chain of causation leads back to the truck. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Red flags should have been displayed on the projecting pipe. LSA-R.S. 32:313. They would have assisted Ventress and McCrory in perceiving that the truck’s load was oversized. This is their purpose. Hazard blinkers would have indicated that the truck was stopped. See LSA-R.S. 32:320.-1(A).[2] The flashing of hazard light would have drawn attention to the danger ahead before it was otherwise apparent. This is their purpose. Rochester was negligent in failing to display a warning flag and in stopping his truck on the roadway without using his hazard lights.
The Court of Appeal concluded that McCrory did not exonerate himself from the presumption of negligence which attaches to a motorist striking a preceding vehicle from the rear. LSA-R.S. 32:81(A).[3] This analysis overlooks the fact that McCro-ry did not strike the truck, but the pipe. Had the truck presented a normal profile, the collision would have been averted. Although McCrory admitted that he had seen the truck with its load of pipe before the Trans-Am moved in front of him, he did not realize that the pipe projected past the bed of the truck. The same was true of Ven-tress in the Trans-Am. As the trial court astutely observed, depth perception is difficult at a distance and that is the purpose behind the statute requiring warning flags on oversized loads. McCrory could have reduced his speed when he saw the truck ahead of him displaying a right turn blink *1117 er. However, the average reasonable motorist would assume, absent evidence to the contrary, that the truck was moving slowly. Had the truck been in motion, the accident would not have occurred. McCrory almost avoided the collision as it was. McCrory acted like a reasonable motorist. One is not required to drive in a super-cautious manner. Both McCrory and Ventress realized the truck’s situation at approximately the same distance. Ventress had a narrow miss and McCrory did not. McCrory was confronted with an emergency; his reaction was not substandard or negligent. Compare Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972).
For the reasons assigned, the judgment of the Court of Appeal is reversed and the judgment of the trial court reinstated.
REVERSED.

. LSA-R.S. 32:313 provides, in pertinent part:
“Whenever the load upon any vehicle extends to the rear four feet or more beyond the bed or body of such vehicle there shall be displayed at the extreme rear end of the load, ... a red flag or cloth not less than 12 inches square and so hung that the entire area is visible to the driver of a vehicle approaching from the rear.”

. LSA-R.S. 32:320.1(A) provides:
“A. Any vehicle may be equipped with lamps for the purpose of warning the operators of other vehicles of the presence of a vehicular traffic hazard requiring the exercise of unusual care in approaching, overtaking or passing.”

.LSA-R.S. 32:81(A) provides:
“A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”