FRED W. JONES, Judge,
dissenting.
A more appropriate case than this for application of the duty/risk analysis of Dixie Drive It Yourself would be difficult to envision — as correctly perceived by the trial judge.
Dixie also involved the rear-ending of a disabled truck which blocked its traffic lane on a two-lane highway. No flares or signal flags had been placed as required by statute. Suit for damages was brought by the lessor-owner of the vehicle which struck the stalled truck. As the majority here correctly points out, our Supreme Court agreed with the findings of the lower courts that both the driver of the stalled truck and the driver of the oncoming vehicle were negligent. However, departing in a significant way from prior Louisiana tort jurisprudence, the court rejected the proximate cause approach used by the lower courts, directing its inquiry to whether the risk and harm encountered by the plaintiff fell within the scope of protection of the statute requiring placement of warning devices. Answering in the affirmative, it was noted:
“The objective of the statutory provisions violated in the instant case was to protect against the likelihood that an oncoming motorist, whether cautious, confused or inattentive, would fail to timely perceive the vehicle or that it was stationary and become involved in an accident.” 137 So.2d p. 306.
The court concluded that “to deny recovery because of the plaintiff’s exposure to the risk from which it was the purpose of the law to protect him would nullify the statutory duty and render its protection meaningless.”
Dixie did not deal directly with the extent of a defendant’s duty in the face of plaintiff’s misconduct because of the court’s holding that the conduct of the driver of the following truck was not imputable to the plaintiff-owner. However, in a series of later cases our Supreme Court has recognized the logical extension of the Dixie holding — that if inattentive drivers generally are within the ambit of the duty defendant has breached, there is no reason to exclude inattentive plaintiffs.[1]
Justice Dixon pointed out in his concurring opinion in Pence:
“The duty-breach-of-duty approach adopted by this court and well discussed by the majority opinion negates the need for inquiry into the doctrine of contributory negligence and last clear chance. The proper test is whether the duty imposed on this defendant, whether statutory or non-statutory, is designed to protect *1242 this plaintiff in her intoxicated condition from the risk to which she was exposed. This standard includes the protections provided by the above doctrine.”
In the recent case of McCrory v. Rochester, 398 So.2d 1115 (La.1981) the plaintiff driver was confronted by a stationary truck loaded with pipe extending some ten feet back from the end of the truck bed. No red flags had been placed on the end of the pipe. Plaintiff conceded that he had observed the truck but did not realize it was stopped. The Court of Appeal found defendant negligent for stopping his truck without using his emergency flashers, but then barred plaintiff from recovery because of his contributory negligence in failing to reduce his speed when he first saw the truck. Reversing the Court of Appeal, Justice Watson commented:
“As the trial court astutely observed, depth perception is difficult at a distance and that is the purpose behind the statute requiring warning flags on oversized loads. McCrory could have reduced his speed when he saw the truck ahead of him displaying a right turn blinker. However, the average reasonable motorist would assume, absent evidence to the contrary, that the truck was moving slowly. Had the truck been in motion, the accident would not have occurred. McCrory almost avoided the collision as it was. McCrory acted like a reasonable motorist. One is not required to drive in a super-cautious manner.”
In the case at bar the defendant driver of a loaded pulpwood truck was driving north over a winding, hilly road in a rural area of Bienville Parish when his motor stopped. He coasted downhill and had started up a moderate incline when his vehicle came to a halt. After waiting there for some thirty minutes, the driver abandoned the truck in the middle of his traffic lane and went for assistance. No warning devices were placed on the highway as mandated by statute.
Plaintiff Truluck, approaching from the south in the same traffic lane as the abandoned pulpwood truck, came over the hill at a speed of approximately 30 miles per hour. Thinking that the truck in front of him was moving slowly, Truluck continued forward at the same speed, intending to pass the truck at the first opportunity. When he finally realized that the truck was actually stopped in his traffic lane, Truluck swerved his car to the left, nearly missing the obstructing vehicle. However, the right front of the Truluck car struck the left rear wheel of the stalled truck, and then traveled about 148 feet before coming to rest in a ditch on the side of the highway.
Ruling in favor of plaintiffs, the trial judge observed that “had defendant undertaken the most minimal effort to warn oncoming vehicles, the accident would not have happened.”
Utilizing the duty/risk analysis of Dixie, I agree with the trial judge that:
(1) The obstructing driver was negligent in abandoning his loaded pulpwood truck in the middle of his traffic lane without placing flares or other warning devices as required by statute.
(2) This negligence was a cause-in-fact of the accident, since it would not have occurred if the oncoming plaintiff had seen the warning devices.
(3) The duty imposed upon the obstructing driver to post warning devices was designed to protect against the likelihood that an oncoming motorist such as Tru-luck, whether cautious or inattentive, would fail to timely perceive the stationary vehicle.
As pointed out in McCrory, the average reasonable motorist would have assumed that the loaded pulpwood truck was moving slowly. If it had been, the accident would not have happened. As it was, Truluck almost avoided the collision. Furthermore, at this accident site depth perception presented an acute problem.
As Justice Dixon explained in Pence, under the Dixie duty/risk analysis any necessity for discussing the doctrine of contributory negligence is negated. Simply put, plaintiff Truluck’s failure to timely notice that the pulpwood truck was stopped rather than moving slowly should not bar his re *1243 covery because the primary purpose of the law requiring placement of warning devices is to protect oncoming motorists who might conduct themselves as did Truluck. This precise point was made in Dixie when that court pointed out that to bar recovery because of the oncoming motorist’s inattentiveness would nullify the statutory duty and render its protection meaningless. The majority in this case, in reversing the trial judge, does exactly this — deprives Truluck of the protection afforded him by the statute requiring placement of warning devices by drivers of obstructing vehicles. For this reason, I respectfully dissent.

. See Pence v. Ketchum, 326 So.2d 831 (La.1976); Baumgartner v. State Farm Mutual Ins. Co., 356 So.2d 400 (La.1978); Boyer v. Johnson, 360 So.2d 1164 (La.1978); Rue v. State Dept. of Highways, 372 So.2d 1197 (La.1979).
For an excellent discussion of the impact of Dixie upon the development of our tort law, see Johnson, Duty/Risk Analysis, 40 La.L.Rev. 319 (1980).