563 So.2d 916 (1990)
Corrine MANUEL, Plaintiff-Appellant,
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellee.
No. 89-66.
Court of Appeal of Louisiana, Third Circuit.
May 30, 1990.
*917 Preston N. Aucoin, Ville Platte, for plaintiff/appellant.
Dauzat, Falgoust, Caviness & Bienvenu, Jerry J. Falgoust, Opelousas, for defendant/appellee.
Before LABORDE, KNOLL and KING, JJ.
KING, Judge.
The issues presented on appeal are whether the jury was correct in finding plaintiff 100% at fault in an automobile/farm tractor accident, and whether the trial judge erred in failing to give two requested jury instructions.
On March 23, 1987, Corrine R. Manuel (hereinafter plaintiff) was driving a car involved in a collision with a farm tractor driven by Mose Bias, Jr., an employee of Andrew Chapman. Chapman owned the farm tractor which was insured by Louisiana Farm Bureau Casualty Insurance Company (hereinafter defendant). Plaintiff sued defendant for damages she allegedly sustained. After a jury trial, the jury, by unanimous verdict, found plaintiff 100% at fault. The verdict of the jury was made the judgment of the court. Plaintiff filed a Motion For Judgment Notwithstanding The Verdict or, in the alternative, a Motion For A New Trial. The trial judge denied both motions. Plaintiff timely appeals. We affirm.

FACTS
On March 23, 1987, at about 1:30 P.M., plaintiff was traveling in a generally easterly direction on Highway 363 approximately three miles outside of Ville Platte, in Evangeline Parish, Louisiana. As plaintiff came around a long curve, she met a large farm tractor pulling a disc plow traveling in the opposite direction. The farm tractor was twelve feet six inches wide from the outside of each wheel. The farm tractor wheels were four to four and one-half feet tall, and the farm tractor was about five feet tall. Plaintiff's Buick Regal automobile was six feet in width. The paved portion of the highway on which the accident occurred was twenty feet wide, each lane of travel being ten feet wide. The shoulder on defendant's side of the road was about one foot wide, and immediately next to the shoulder was a rather steep ditch. At the site of the accident, Belaire Cove Road intersected Highway 363, forming a "T" intersection on the right side of Highway 363. After the Belaire Cove Road "T" intersection, Highway 363 becomes Highway 1170. The apron of the intersecting Belaire Cove Road was, in effect, a shoulder on plaintiff's side of the road at the site of the accident. Plaintiff was traveling on the portion of the highway known as Highway 363, at approximately 40 to 50 miles per hour, and defendant was traveling on the portion of the highway known as Highway 1170, at approximately 10 miles per hour, just before the accident. It was starting to rain.
There is no dispute that plaintiff was traveling completely in her lane of travel at the time of the accident and that defendant's farm tractor extended over the centerline into plaintiff's lane of travel. As the two vehicles approached each other, they both applied their brakes. The driver of the farm tractor veered to his right in an effort to miss plaintiff's car. Nevertheless, the front left wheel of the tractor struck the front left side of plaintiff's automobile, rolling up over the hood, and dropping off the hood without hitting the windshield of the autombile. The tractor traveled *918 about fifteen feet past the accident site, with the disc plow coming to rest very close to and even with plaintiff's car. Plaintiff's car stopped and remained completely in her lane of travel during the collision.
After considering the evidence, the jury unanimously found plaintiff to be 100% at fault and awarded her no damages. Plaintiff appeals this verdict, as well as the trial judge's failure to give a requested special jury instruction on strict liability and his failure to read La.R.S. 32:380 through 32:382, and La.R.S. 32:384 to the jury. The plaintiff also contends that the jury was manifestly wrong in finding her 100% at fault.

LAW
Defendant argues that the trial judge erred in refusing to charge the jury on strict liability under La.C.C. Art. 2317, which states:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
In a jury trial, the judge is not required to give the instructions submitted by either party; however, he is obligated to give instructions which properly reflect the law applicable in light of the pleadings and facts in each case. Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La.App. 3 Cir. 1985), writ den., 470 So.2d 126 (La.1985); Simmons v. Hope Contractors, Inc., 517 So.2d 333 (La.App. 1 Cir.1987), writ den., 518 So.2d 510 (La.1988). We must therefore inquire as to whether strict liability could possibly be applicable in light of the pleading and facts of this case.
The theory of strict liability applies only if the plaintiff has shown that: (1) the thing which caused the damage was in the care and custody of the defendant; (2) the thing had a vice or defect, i.e. that it occasioned an unreasonable risk of injury to another; and (3) his injury was caused by the defect. Riche v. City of Baton Rouge, 515 So.2d 765 (La.1987), on remand, 541 So.2d 905 (La.App. 1 Cir.1988); Shipp v. City of Alexandria, 395 So.2d 727 (La. 1981).
Plaintiff alleged in her petition for damages that:
"The accident complained of herein, as well as the damages and injuries sustained by petitioner, was brought about by the gross and negligent acts and/or omissions of Andrew Chapman and Mose Bias [respondeat superior] ... and consisted of, but not exclusively of the following:
* * * * * *
j. For drivers gross, wanton and egregious negligence;
k. For driver's strict liability (2316);" (Emphasis supplied.)
Plaintiff made no specific allegations of any vices or defects in the farm tractor which allegedly caused the accident. Furthermore, and more importantly, plaintiff did not present any evidence or facts at trial to suggest a vice or defect in the farm tractor. Plaintiff's case focused solely on the unreasonable act of Mose Bias in driving the farm tractor on the highway, partially in plaintiff's lane of traffic.
Under these facts, we find that the trial court's refusal to give the requested special jury instruction on strict liability was correct. There is no evidence that the farm tractor itself presented an unreasonable risk of harm. Therefore, the trial judge was correct in concluding that a theory of negligence under La.C.C. Art. 2316 applies to this case and that strict liability under La.C.C. Art. 2317 does not apply.
Plaintiff next contends that the trial judge erred in failing to read La.R.S. 32:380 through 32:382 and La.R.S. 32:384 to the jury in light of the fact that La.R.S. 32:385 was read to the jury.
La.R.S. 32:385 states that:
"Farm vehicles and equipment, except draglines and bulldozers being operated and/or transported for bona fide agricultural purposes or the transportation of farm vehicles and equipment to be *919 used for normal farm purposes by persons transporting such farm equipment or machinery for distances not to exceed fifty miles from the point of origin shall be exempt from the requirements of R.S. 32:380 through R.S. 32:382 and additionally farm equipment shall be exempt from the requirements of R.S. 32:384.
Such farm vehicles may use any public highways other than those designated as part of the national system of interstate and defense highways during the period from thirty minutes after sunrise until thirty minutes before sunset without obtaining a special permit from the secretary, as provided in R.S. 32:387, or from any other agency or department of the state or political subdivisions, provided that such machinery or equipment being shipped by persons to be used for normal farm purposes shall be equipped with front and rear reflector lights and with a blinking hazard light clearly visible from the front and rear."
The trial judge reasoned that because La.R.S. 32:385 was applicable to the case, La.R.S. 32:380-382 and R.S. 32:384 were, under the clear language of La.R.S. 32:385, inapplicable and, therefore, plaintiff's requested reading of these sections of law would serve no purpose and would confuse the jury. These sections of the Revised Statutes regulate the size, width, and height of vehicles legally allowed to travel on state highways and the method and equipment to be used in the towing of things. We cannot say the trial judge was manifestly wrong or clearly in error in failing to read these sections of the Revised Statutes to the jury.
Plaintiff next argues that the jury was clearly wrong in finding her 100% at fault. In this case, the jury was the finder of fact, and its findings of fact cannot be disturbed on appeal unless they are clearly wrong.
There is no dispute of fact that plaintiff was in her lane of travel at all times, and that the farm tractor driven by Mose Bias was over the centerline by at least one and one-half feet, since his lane, including the shoulder, was only eleven feet wide. However, La.R.S. 32:385 permits the farm tractor to legally be on the road, if being operated in compliance with that statute regarding agricultural purpose, distance, and time of operation. All conditions of that statute were met and, for this reason, plaintiff has not shown that the farm tractor did not have a legal right to be on the highway. It goes without saying that plaintiff also had a legal right to be traveling on the highway. This case presents nothing different than an accident involving two vehicles which both have a legal right to be on the highway, where one is alleged to have been negligently operated.
Plaintiff testified that when she was in the curve of the highway she saw that the farm tractor was out of its lane and in her lane and that she then applied her brakes but could not stop in time to avoid the collision. She also testified that she supposed that Mose Bias began to make a left turn in front of her onto the Belaire Cove Road that intersected the highway on her right, forming the "T" intersection, and that when he realized he did not have time to make the turn, he cut back to his side of the road. Mose Bias, on the other hand, testified that he was not turning at the time of the accident and that he was as far to his right as he could be without going into the ditch. Bias also testified that his ultimate destination was west of the intersection. Mose's testimony is supported by that of his son, who was driving another farm tractor behind that being driven by Mose.
Police Officer Randle Leger, who arrived at the scene of the accident approximately an hour after its occurrence, but before the vehicles had been moved, testified that he determined that the farm tractor was moving to the right at the time of impact because of the tire marks on the hood of the plaintiff's car. However, this does not necessarily mean that Mose Bias was not traveling as far to his right as he could when the vehicles collided. The accident occurred in a curve where Mose Bias would have been traveling to his right. Officer Leger further testified that the farm tractor was over as much as it could be without going into the ditch and that the right side *920 of plaintiff's car was two and one-half feet from the right edge of the highway. Additionally, plaintiff testified that the shoulder to her right, at the site of the accident, was the apron of the intersecting Belaire Cove Road and that nothing prevented her from getting onto that shoulder. Further, plaintiff testified that she saw the oncoming tractor from 150 feet away and failed to attempt to slow down until immediately before impact. On the other hand, Mose Bias also saw plaintiff from a long distance. He, however, was traveling only 10 miles per hour, whereas plaintiff was traveling 40 to 50 miles per hour. He testified that he veered to his right when he saw that plaintiff was not moving over to her right and that they were going to collide. Where there are conflicts in testimony, it is the province of the trier of facts to render reasonable inferences of credibility and to draw reasonable inferences from the facts. The jury in this case determined that defendant had not committed any fault that caused the accident and that plaintiff had committed all fault that caused the accident. We accord the jury's determination the respect it is due, and we will not disturb the determination absent manifest error. See, Miller v. Winn-Dixie Stores, Inc., 527 So.2d 989 (La.App. 3 Cir. 1988), writ den., 531 So.2d 763 (La.1988).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.