jjDECUIR, Judge.
This appeal arises from consolidated suits for the wrongful death of Carl A. Blunck, Sr. filed by his surviving spouse, a minor child, and four adult children. The defendants are Underwriters at Lloyds, London, the City of Alexandria, State Farm Mutual Automobile Insurance Company, Allstate Insurance Company, Gregory Powell and Raymond Guidry.

FACTS

|2On December 24, 1990, Officer Gregory Powell responded to a call regarding a possible abduction. Upon arriving at the scene, Officer Powell observed what he believed to be the suspect vehicle, a truck, leaving. He followed in his patrol unit in order to verify that it was in fact the suspect vehicle.
After obtaining the license number with the use of his high beam headlights and radioing for confirmation, Officer Powell planned for a safe location to make a stop. At about the same time that he received confirmation on the license, Officer Powell activated his blue emergency lights and “take-down” lights in addition to the high beam headlights which remained on.
Officer Powell then radioed that the suspect was not acknowledging his lights. He then briefly bumped his siren, whereupon he saw a head pop up from the seat of the truck. A struggle ensued, the passenger was struck, and the truck accelerated. Officer Powell radioed that he was in pursuit and switched his siren to continuous operation.
Officer Powell continued to follow with full emergency warnings, take-down lights and high beams at a distance of 4-5 car lengths. His intention was to maintain contact and await instructions on the arrangement of a roadblock to stop the suspect. Officer Powell followed a short distance at about 55-60 *468 mph, when the suspect vehicle swerved sharply left, crossing the center line and striking the Blunck car head on. Officer Powell braked his vehicle, but was unable to stop prior to hitting the suspect’s vehicle which had been knocked back by the impact with the Blunck vehicle.
As soon as his ear stopped, Officer Powell forced open his jammed door and checked for survivors. The suspect, Raymond Guidry, who has since died of a heart attack, was the only survivor. Guidry’s abductee and Carl Blunck died at the scene. As a result, this suit was filed.
After trial on the merits, Judge Donald T. Johnson, assessed fault as follows:
I,si) Carl A. Blunck, Sr. — 0% fault;
2) Gregory Powell — 0% fault;
3) Raymond Guidry — 100% fault.
In a supplemental judgment the court found the City of Alexandria free from fault as well.
Damages were awarded to the various plaintiffs, totalling $1,319,864.60. Plaintiffs filed this appeal citing numerous assignments of error. Defendants answered specifying several errors as well.

VIOLATION OF STATUTE

By their first assignment, plaintiffs allege that the trial court erred as a matter of law in its interpretation and application of LSA-R.S. 32:24 and was therefore manifestly erroneous in finding that Officer Powell and the City of Alexandria were not at fault. We disagree.
LSA-R.S. 32:24, commonly called “the emergency vehicle statute”, authorizes emergency vehicles to violate certain provisions of LSA-R.S. 32:1, et seq. Plaintiffs allege that the trial judge erred in finding that violations of LSA-R.S. 32:322, which requires motorists to dim their lights 500 feet from approaching motorists, are authorized by LSA-R.S. 32:24.
Assuming arguendo that the plaintiff is correct, all that would be established is that Officer Powell had violated a statute. It is well settled in Louisiana that violation of a criminal safety statute is not negligence per se. Boyer v. Johnson, 360 So.2d 1164, on remand, 366 So.2d 192, writ denied, 367 So.2d 1185 (La.1978). In order for the violation of a statute to constitute actionable negligence, the violation must be encompassed within the scope of risks that the statute was designed to protect against, and the violation must be a cause-in-fact of the accident. Guillory v. Louisiana Farm Bureau Cas. Ins. Co., 604 So.2d 87 (La.App.3d Cir.), writ denied, 605 So.2d 1373 (La.1992). Furthermore, the violation of the statute must be unreasonable under the circumstances. Dowe v. Grady, 540 So.2d 1040 (La.App. 2nd Cir.1989).
In the present case, the only evidence that Officer Powell’s actions were a cause-in-fact of Carl Blunck’s accident |4and death are the statements of the Blunck family that Carl Blunck always yielded to emergency vehicles and, since he did not, he must have been blinded. The testimony of the only eyewitness, however, indicates that Officer Powell’s lights and emergency equipment were not even visible to oncoming traffic. In addition, the expert for the defense testified that the lights used by Officer Powell were not likely to cause much glare from behind a truck and the equipment used by Officer Powell was appropriate for the circumstances.
A party relying on circumstantial evidence must prove that the circumstantial evidence, taken as a whole, shows that the defendant’s conduct is the most plausible cause of the damage and that no other factors can reasonably be ascribed as to the cause. Bergeron v. Black Drilling & Workover Co., Inc., 599 So.2d 827 (La.App. 1st Cir.), writ denied, 605 So.2d 1117 and 605 So.2d 1119 (La.1992). Negligence is never presumed and a mere possibility and unsupported probabilities are insufficient to support a judgment. Stewart v. Hanover Insurance Company, 416 So.2d 286 (La.App.3d Cir.), writ denied, 421 So.2d 907 (La.1982).
The trial court heard the testimony and concluded that Officer Powell and the City of Alexandria were free from fault. The evidence supports this finding regardless of whether a statute was violated. Accordingly, we do not reach the issue of the trial court’s interpretation of LSA-R.S. 32:24.

*469
LIABILITY OF THE CITY

By their second assignment, plaintiffs allege that the trial court erred in finding that Officer Powell was properly trained in police pursuit driving. This issue is moot.
The only potential liability for the city is under the doctrine of respondent superior for the actions of its employee. Because we have found that the trial court properly found Officer Powell free from fault, the City of Alexandria cannot be at fault. McElreath v. Progressive Insurance Company, 595 So.2d 693 (La.App.5th Cir.), writ denied, 596 So.2d 557 (La.1992).

EXCLUSION OF EVIDENCE

By this assignment, plaintiffs allege that the trial court erred in excluding evidence concerning Officer Powell’s previous accidents while engaged in pursuit.
A trial court’s ruling on the relevance of evidence cannot be disturbed on appeal in the absence of a clear abuse of discretion. Pearce v. Power and Telephone of Kentucky, 533 So.2d 46 (La.App.3d Cir.1988). In the present ease, plaintiffs proffered this evidence to support their argument that Officer Powell was not properly trained and that the City knew of this lack of training and the danger it presented. The trial court ruled that the prejudicial nature of the evidence outweighed its usefulness. The trial court did not abuse its great discretion.

DAMAGES

By their final assignments, plaintiffs allege that the trial court erred in failing to award $4,261.60 in funeral expenses and $23,885.90 in medical expenses.
The law is well settled that a lump sum judgment is presumed to award all items of damage claimed and appellant’s burden of proving the factfinder clearly abused its great discretion is more difficult than usual because the intention to award a specific amount for any particular item is not readily ascertainable. Tayler v. Dupree, 484 So.2d 986 (La.App.3d Cir.), writ denied, 488 So.2d 201 (La.1986). The appellants have not established that the trial court abused its great discretion, particularly where a lump sum award was made.

COLLISION WITH BLUNCK VEHICLE

Defendants allege that the trial court erred in finding that Officer Powell’s patrol car collided with the Blunck vehicle. The trial court’s findings of fact are subject to the manifest error standard of review. Rosell v. ESCO, 549 So.2d 840 (La.1989). Though the evidence on this issue is a bit unclear, we cannot say that the trial court’s finding is manifestly erroneous.
UFor the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed equally between plaintiffs-appellants and defendants-appellants.
Affirmed.