[, GRISBAUM, Chief Judge.
This appeal arises from a traffic accident between a bicyclist, Jerry Tom Lawrence, and the driver of an automobile, Officer Chad Jacquet. Defendants-Appellants, Officer Chad Jacquet, The City of Kenner, and St. Paul Mercury Insurance Company, appeal the trial court’s allocation of partial fault to Officer Jacquet. The Plaintiff-Appellee seeks an increase in his damages award. We reverse and vacate.

ISSUES

We are called upon to determine the following:
(1) Did the trial court err in assigning liability to the defendants, and
(2) Is the trial court’s damages award an abuse of discretion?

J¿FACTS

On August 24, 1996 at 2:09 a.m., plaintiff, Jerry Tom Lawrence, (hereinafter “Mr. Lawrence”), was operating his bicycle in a westerly direction on 9th Street in Kenner, near Williams Boulevard. He successfully crossed the northbound lanes of Williams and came to a stop at the intersection of 9th and Williams. Officer Chad Jacquet was traveling south on Williams at approximately 58 miles per hour with his lights and sirens activated because he was responding to a domestic disturbance call. Mr. Lawrence was attempting to cross the southbound lanes of Williams when the right front area of Officer Jacquet’s automobile struck Mr. Lawrence’s bicycle.
Mr. Lawrence suffered extensive injuries in this accident, including a right femur fracture, right ankle fracture, left distal tibia and fibula fractures, left metatarsal fractures, left 9th and 10th rib fractures and a skull fracture. These injuries necessitated three surgical procedures.
The trial court held the plaintiff seventy-percent (70%) at fault and the defendants thirty-percent (30%) at fault and awarded damages of $250,000 for pain and suffering and $68,281.50 for past medical expenses. This award was reduced by seventy-percent, the plaintiffs allocation of fault.
ISSUE ONE — LAW AND ANALYSIS
The appellants first contend that the trial court erred in finding Officer Jacquet negligent and allocating fault to them. We agree.
“It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong’.... ” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). We find the trial court’s decision manifestly erroneous.
Louisiana’s negligence law centers around a duty-risk analysis. Cormier v. T.H.E. Ins. Company, 98-2208 (La.9/8/99), 745 So.2d 1. Under this analysis, |sthe plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (duty); (2) the defendant failed to conform his or her conduct to the appropriate standard (breach); (3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (cause-in-fact); (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (proximate cause and scope of protection), and (5) actual damages. Roberts v. Benoit, 605 So.2d 1032 (La.1991).
Courts must weigh the breach of a duty, if one exists, with the harm the *798 breach creates, determine if the conduct was both a cause in fact and the legal or proximate cause of the accident and decide whether the risk and harm caused to the plaintiff were within the scope of the protection afforded by the duty. Id.
A comprehensive review of the facts shows that the trial court was clearly wrong in concluding that Officer Jacquet was partially negligent. At the time of the accident, approximately 2:00 a.m., the ap-pellee was using a bicycle for transportation on this state’s public highways. He was attempting to cross a major thoroughfare, Williams Boulevard, from a lightly travelled side street, 9th Street, and had, in fact, successfully crossed the northbound lanes of Williams. He did not have headlights on his bicycle, and he was not wearing reflective clothing. And, most significantly, he was intoxicated. In addition, before attempting to cross the southbound lanes of Williams, he observed a police vehicle with both lights and sirens activated approaching in one of the two lanes he would have to cross, yet he attempted to cross those lanes anyway, believing that he could “beat” the police vehicle.
Louisiana statutory law provides that a bicyclist is subject to the same traffic laws as the driver of a motor vehicle. La. R.S. 32:194. Although the record does not reveal that Mr. Lawrence was ticketed after this accident, he violated many traffic regulations. He failed to yield to an emergency vehicle. See La. R.S. 32:125. He failed to yield to traffic on a preferred street. See La. R.S. 32:121. He failed to have a headlight on his bicycle while operating it at night. See La. R.S. 32:329. He also operated a “means of conveyance” on a public highway while he was intoxicated. See La. R.S. 14:98.
We acknowledge that the mere violation of a criminal statute does not presumptively establish negligence in a civil case, especially when parties are not cited for their violations. Boyer v. Johnson, 360 So.2d 1164 (La.), on remand, 366 So.2d 192 (La.App. 2 Cir.1978), writ denied, 367 So.2d 1185 (La.1979). The presumptive violation of these traffic regulations, however, is useful here in determining the parties’ respective duties and possible breaches of those duties.
The record reveals that Officer Jacquet was in the process of responding to a domestic disturbance call at the time of the accident. He was traveling southbound on Williams at a speed of approximately 58 mph, in a 40 mph speed zone. He testified that, from a fairly far distance, he observed an individual on a bicycle on 9th, on the corner of the northbound lanes of Williams, but he then lost sight of the bicyclist until the accident occurred in the southbound lanes of Williams.
The appellee alleges, as the trial court found, that Officer Jacquet was, at least, partially hable for his negligent conduct of speeding and failing to keep a proper lookout. As a motorist, Officer Jacquet, too, had the duty to comply with applicable traffic laws. We find, however, that he did not breach this duty.
The appellee’s entire basis for the officer’s negligence is that if the officer had not lost sight of Mr. Lawrence after he saw him on the opposite side of the street, about to cross the northbound lanes, he would have anticipated his movement into the southbound lanes and, thus, could have avoided the accident. We do not find it negligent to casually observe, with peripheral vision, a bicyclist on the opposite side of the boulevard on which you are traveling, then lose sight | Bof him, especially while responding to an emergency call as a police officer. We do not believe a motorist is required to anticipate such overwhelming recklessness as that displayed here by Mr. Lawrence. Furthermore, because Officer Jacquet was responding to an emergency call, with both lights and sirens activated, we find that he did not violate the traffic regulation applicable to excessive speed.
*799 Based on the above analysis, we find that only the appellee breached the duties legally imposed on him. Accordingly, we must weigh those breaches with the harm they created. Clearly, failing to yield to an emergency vehicle after observing it, failing to yield to a vehicle on a preferred street, and operating a bicycle on a very busy public highway at night without a headlight on the bicycle and without some sort of illumination or reflective clothing on one’s person, all while intoxicated, create a substantial risk of harm to both the person engaging in such behavior and other motorists.
We further find that the above enumerated risks created by the appellee were the causes in fact and proximate causes of this accident, and that the risk and harm the appellee caused are well within the scope of the protection of the duty created by the statutes he violated. Our traffic laws are designed to protect all motorists. Because Mr. Lawrence was operating a bicycle on a public street, he too had the duty to comply with these laws. By violating them, he risked injury to himself and other motorists, and, in fact, injured himself. If Mr. Lawrence had not, while intoxicated, attempted to cross a public highway on a bike at night without headlights in front of a police car with its emergency lights and sirens activated, this accident would not have happened, and he would not have been injured.
IfiWe, thus, conclude that Mr. Lawrence’s actions presented the far greater risk of harm, that he had the duty to obey all traffic laws, that he violated numerous traffic laws, and that, collectively, those violations were a cause in fact and the sole proximate cause of this accident and his own resulting injuries. We, therefore, vacate the trial court’s allocation of fault and find the appellee solely at fault for this accident and his injuries. Because of these findings, we pretermit discussion of the remaining issue.
Accordingly, based on the foregoing, we vacate and reverse the judgment of the trial court and assign 100% of the liability for this accident to the appellee. Finally, because we find that the defendants were not at fault in causing this accident, we dismiss plaintiffs claims against these defendants with prejudice.
We order each party to bear its own costs of this appeal.

REVERSED AND VACATED.